IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICHARD TURNER                                                                    PLAINTIFF

v.                        Civil No. 04-2068

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                    DEFENDANT

## **O R D E R**

Plaintiff Richard Turner appealed the Commissioner's denial of benefits to this court. On May 5, 2005, judgment was entered reversing the decision of the Administrative Law Judge and remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now moves for an award of fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), in the amount of $3,663.47, representing 21.60 hours at a rate of $153.26 and 2 hours at a rate of $157.40 and costs of $38.25. Plaintiff's counsel sought the rates of $153.26 and $157.40 based on an increase in the cost of living in the years 2004 and 2005. Defendant has filed a response expressing no objection to the request..

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour" *Id*. at F.2d 503. Plaintiff's counsel attached a summary of the Consumer Price Index as an exhibit to her motion for attorney's fees and has presented evidence of an increase in the cost of living. Therefore, her argument for enhanced fees, based on a cost of living increase, has merit. We find plaintiff's attorney entitled to an enhanced fee based upon a rise in the cost of living.

This court believes that an hourly fee of $146.00 per hour would appropriately enhance the mandated hourly fee to reflect the increase in cost of living and promote consistency in the EAJA awards in the judicial districts of Arkansas. See *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990). We further find that plaintiff's attorney is entitled to be compensated under EAJA for 23.6 hours, the number of hours of work she indicates she expended on this case at the district court level.

Based on the above, we hereby award plaintiff's attorney fees under EAJA in the amount of $3,445.60 and costs of $38.25 for a total award of $3,483.85. This amount should be paid in addition to, and not out of, any past-due benefits which plaintiff may be awarded in the future.

IT IS SO ORDERED this 9th day of September 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE